UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:97-CR-00006-DLB-1

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

V.                              **<u>RECOMMENDED DISPOSITION</u>**

JOHN STRANGE,                                                                              DEFENDANT,

AND

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA,                                                                                   GARNISHEE.

*** *** *** ***

Before this Court is *pro se* prisoner Defendant John Strange's Motion for Hearing [R. 61] and Request for Hearing [R. 62] on the United States' writ of garnishment [R. 58]. Given the nature of the defendant's request, the undersigned will issue a recommendation for the District Court. With the issues being fully briefed, the Court recommends that Strange's motion for hearing and request for hearing be denied.

In 1997, Strange pled guilty to bank fraud in violation of 18 U.S.C. § 1344. [R. 13, R. 65]. Strange was ordered to pay $22,098.09 in restitution to the victim. [R. 20, 65]. The United States learned that Strange possessed an interest in a retirement account with Garnishee Teachers Insurance and Annuity Association of America (TIAA) and requested a writ of garnishment which was subsequently issued. [R. 65]. The United States served TIAA with the writ, who answered on July 20, 2020. [R. 65, 69]. The United States also served Strange with notice of the garnishment

pursuant to 28 U.S.C. 3202(c). [R. 60]. Strange received the notice May 14, 2020 and requested a hearing under § 3202(d) on June 1, 2020. [R. 61, 62].

Title 28, United States Code § 3202(d) states that a judgment debtor may move to quash a garnishment by the United States under the Federal Debt Collections Procedures Act by requesting a hearing within 20 days after receiving notice of the garnishment. After receiving the request, "[t]he court that issued such order shall hold a hearing on such motion as soon as practicable." 28 U.S.C. § 3202(d). The hearing is limited to "the probable validity of any claim of exemption by the judgment debtor" and the "compliance with any statutory requirement for the issuance of the post-judgment remedy."[1] 28 U.S.C. § 3202(d)(1)-(2). The exemptions which Strange may claim are codified under 18 U.S.C. § 3613(a) and were included in the notice of garnishment he received. [R. 58-1].

"Although the Act states that the court "shall hold a hearing" at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) citing *United States v. Greenberg,* No. 06-MC-55, 2006 U.S. Dist. LEXIS 93224, 2006 WL 3791373, *1 (D. Vt. 2006); *see also United States v. Campbell*, No. 16-51545, 2016 U.S. Dist. LEXIS 176440 (E.D. Mich. Dec. 21, 2016) (If a defendant/debtor does not raise either of the statutorily permissible issues in her request for a garnishment hearing, the request should be denied) citing *U.S. v. Mahar*, 42 F.3d 1389 (6th Cir. 1994) (debtor's claim of financial hardship was not a permissible subject for a § 3202(d) hearing); *United States v. Furkin,* 165 F.3d 33, 1998

---

[1] There is a third set of issues which may be heard; however, they only apply to a remedy granted by default judgment, which is not at issue here because Strange pled guilty. 28 U.S.C. § 3202(d)(3).

WL 846873, at *3-4 (7th Cir. 1998) (holding that defendant was not entitled to a hearing when he did not file a "valid claim of exemption"); *United States v. Lawrence,* 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) (holding that defendant was not entitled to a hearing when he claimed financial hardship or the equities of the case, as this was not an enumerated section in the statute)*; United States v. Smith*, 88 F. App'x 981 (8th Cir. 2004); *United States v. Goyette*, 446 F. App'x 718, 720 (5th Cir. 2011) (defendant may not use a hearing under § 3202(d) to "collaterally attack the amount of restitution ordered"); *United States v. Baugus*, 310 Fed. Appx. 120 (9th Cir. 2009); *United States v. Littlewind*; 08-cr-6, 2010 WL 703140 at *1 (Jan. 27, 2010 D.N.D.) (defendant was not entitled to hearing because he failed to raise any issues which could appropriately be considered); *but see United States v. Peters*, 783 F.3d 1361, 1363-64 (11th Cir. 2015) (holding the Court is required to provide a hearing regardless of their impression of the merits of defendants claim).

Strange timely requested a hearing within 20 days of receiving the notice of garnishment. However, Strange has not alleged that he is entitled to any exemption nor that the United States failed to comply with statutory requirements as required under 28 U.S.C. § 3202(d). In fact, Strange did not include in either of his motions any reasons why he believed a hearing was necessary or warranted in this case. [R. 61, 62]. The only argument Strange made in favor of the hearing was, "[t]o ensure the Defendant's Due Process rights are protected, the Defendants participation is required." [R. 61 at p. 3]. Denial of a hearing when the defendant fails to raise an issue on which a hearing can be properly held under § 3202(d) is not a violation of the defendant's due process rights. *Goyette* at 720-21.

For the reasons stated herein, the undersigned RECOMMENDS that Strange's Motion for Hearing [R. 61] and Request for Hearing [R. 62] be DENIED, and that the United States unopposed motion for Garnishment Disposition Order be GRANTED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not enough to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not enough to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed September 29, 2020.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge